UNITED STATES, Appellee,

v.

Thomas B. BEATY, Private First Class,
U. S. Army, Appellant.

No. 43,227.

CM 441237.

U. S. Court of Military Appeals.

Oct. 12, 1982.

For Appellee: *Major John T. Edwards,
Major Michael L. DeBusk, Captain Peter M.
Donawick* (on petition).

For Appellant: *Major Raymond C. Rup-
pert, Captain David M. England, Captain
Edward J. Walinsky* (on petition).

*Opinion of the Court*

PER CURIAM:

A military judge sitting alone as a gener-
al court-martial in Nellingen, Germany,
convicted appellant of wrongful possession,
transfer, and sale of heroin, in violation of
Article 134, Uniform Code of Military Jus-
tice, 10 U.S.C. § 934. Thereupon, the judge
sentenced appellant to a dishonorable dis-
charge, confinement at hard labor for 2
years, and total forfeitures. The convening
authority approved these results and the
United States Army Court of Military Re-
view affirmed without opinion.

Appellant's trial ultimately became a con-
test of credibility among witnesses. Sever-
al testified for the prosecution about events
leading to the alleged sale of heroin by
appellant to a member of the local Joint
Drug Suppression Team in Stuttgart, while
appellant denied the transaction and
claimed, instead, that the three principal
government witnesses had conspired to
frame him of the offenses. In addition,
witnesses testified for each side concerning
appellant's truthfulness. As evidenced by
the verdict, the military judge resolved the
contest against appellant.

After hearing additional evidence and ar-
gument by counsel regarding an appropri-
ate sentence, the military judge asked ap-
pellant to rise. Thereupon, immediately be-
fore announcing his sentence, the military
judge stated:

> Private Beaty, you plead [sic] not guilty
> in this case and you protest your inno-
> cence still in an unsworn statement. Ad-
> ditionally, you took the stand on the mer-
> its and testified. And I found that you
> testified untruthfully, and I will sentence
> you accordingly.

In our recent decision in *United States v.
Warren*, 13 M.J. 278 (C.M.A.1982), we held
that

> in sentencing, a military judge may prop-
> erly consider that the accused's false tes-

timony in his own defense tends to refute claims of his repentance and readiness for rehabilitation.

*Id.* at 284. However, we admonished that the sentence should not be increased as a punishment for perjury or a deterrent to others; if the perjury is to be punished as such, it should be in a separate prosecution for that offense.

*Id.* at 284–85.

In a case decided the same day as *Warren*—*United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982)—we examined the instructions which had been delivered by the military judge to the sentencing court. In pertinent part, the judge there had advised the members:

> It may be that you have concluded in your deliberations that the accused's testimony was in some respect, was untrue . . . . If you're satisfied, convinced in your own mind that the accused has lied to you in his testimony, you may also consider that as a matter in determining your sentence.

*Id.* at 305 (emphasis omitted). We held that this

> instruction presented the distinct possibility that, if the members concluded appellant had lied to them, they might "mete out additional punishment for the false testimony itself"—without any caution that appellant's lies, if deemed willful and material, could only be used in deter-

mining whether appellant was capable of being rehabilitated.

*Id.* at 306.

A similar flaw exists in this case. While the military judge made it clear that a basis of the sentence was appellant's false testimony, he was not equally clear as to the manner in which he considered this factor or the extent to which it may have been *the* factor that determined the sentence. As we indicated in *Warren,* we are aware of the mischief which might be caused by a careless application of our holding there. Accordingly, we emphasized that we approved only "an appropriate consideration of this factor as *an indication* of an accused's *rehabilitative potential* in arriving at an appropriate sentence for offenses of which he has just been convicted." *United States v. Warren, supra* at 285. Unfortunately, the military judge's remark here left open, rather than foreclosed, the possibility that appellant's sentence reflected punishment for the false testimony itself; if that occurred, the sentence was tainted. Reassessment of the sentence is necessary to eliminate any such possibility. *United States v. Cabebe, supra.*

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for reassessment of the sentence in light of this opinion.