## UNITED STATES

v.

**Staff Sergeant Sam T. WATKINS, FR 271–40–0660 United States Air Force.**

**ACM 23855.**

**Misc. No. 83–05.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Nov. 1982.

Decided 2 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Robert E. Ferencik, Captain Richard O. Ely, II and Captain Brenda J. Hollis.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

The accused was convicted, contrary to his pleas, of rape, burglary with the intent to commit rape, assault and forceable sodomy. The approved sentence extends to a dishonorable discharge, confinement at hard labor for sixteen years, total forfeitures and reduction to airman basic.

On appeal, the accused asserts three errors for our consideration, a discussion of only two is necessary to resolve this case: The first is that the military judge erred in allowing the trial counsel to cross-examine the accused as to extrinsic offenses, in violation of Mil.R.Evid. 404(b)[1]; the second

---

1. *Rule 404.  Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes*

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same;

(2) *Character of the victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide or assault case to rebut evidence that the victim was an aggressor;

(3) *Character of witness.* Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other

contention is that the military judge erroneously instructed the court regarding the ramification of the court's determination that the accused had lied under oath when he testified.

I

Some of the facts are not in dispute. The victim and the accused, who were casual acquaintances, had socialized on the evening in question. The accused drove the victim home, and she invited him into her apartment. There had been no sexual advances made prior to that time.

The parties disagreed as to what happened in the apartment and who was the aggressor. The accused claims that he drove the victim home because she was intoxicated and couldn't drive. He believed that the victim's husband was home and he would drive the husband to retrieve the couple's automobile, which was parked outside one of the bars downtown. When he got into the apartment the victim told him that her husband was not at home, and asked him to smoke some hashish with her. He refused and tried to leave but the victim threatened to scream "rape." The victim gave him a drink and asked him to have sexual relations with her. The victim persisted but he feigned being tired, after which both he and she fell asleep.

In contrast, the victim testified that the accused asked her for a drink, and after she gave him one, he demanded another. She became alarmed and asked him to leave the apartment; he would not. She tricked the accused into going out of the apartment; however, he forced the door open and reentered. The accused slapped her on the face, choked her and threatened her. He forced her to commit fellatio and then he raped her. He fell asleep, and she ran away and

called the police, who arrested the accused at the scene.

There was some corroboration of the victim's version of the facts; however, in essence, the issue at trial was which one of the parties was more believable. With this posture of the evidence, any factor which could unlawfully influence the triers of fact would be all damning.

The accused claims that such an unlawful factor was introduced by the prosecution, over the objection of the defense. Specifically, after the accused had testified, the prosecution was allowed to ask him on cross-examination whether he had been involved in seven separate incidents over the past five years in which he evidenced violence towards women while he was intoxicated.[2] The defense objection was that such questioning violated Mil.R.Evid. 404(b); on the other hand, the government claimed that the questions fell into one of the recognized exceptions to the rule, i.e. evidence of *modus operandi*. The military judge found that "the evidence, offered by the prosecution, in my mind, establishes a course of conduct or a plan and design and, therefore, I think it is properly admissible." The military judge, after making his decision regarding the propriety of such questioning, tried to explain his rationale by stating that the acts evidenced "the likelihood that the accused, on this particular night, behaved in the way as he has behaved in the past concerning the course of conduct or a plan in his interplay with a woman in this kind of relationship."

We conclude that the military judge erroneously applied the principles of Mil.R.Evid. 404(b). From the judge's own pronouncement, it is clear that the evidence was introduced to show that the accused possesses a

---

purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. 1975—while drunk, burn the clothes of Ms. Elizabeth B.
1 January 1981—while drunk, slap Airman Basic Denise W.
1 January 1981—while drunk, slap Staff Sergeant Juanita S.

6 April 1981—while drunk, strike Airman First Class JoEllen C.
September 1981—while drunk, assault his wife
18 September 1981—while drunk, assault his wife
18 September 1981—while drunk, attempt to strike Private First Class Pauline P.

certain type of character and reacts with violence towards women when he is drunk. This is precisely the situation that is meant to be prohibited by the rule. Calling such evidence a course of conduct, plan, design or *modus operandi* will not change that result.

Further, the proffered evidence was not relevant since the past and present offenses were not "strikingly similar." *United States v. Oliphant,* 525 F.2d 505 (9th Cir. 1975), *cert. denied,* 424 U.S. 972, 96 S.Ct. 1473, 47 L.Ed.2d 740 (1976); or "dramatically similar," *United States v. Bailleaux,* 685 F.2d 1105 (9th Cir.1982), so as to indicate *modus operandi.*

Although the questioning of the accused on these extrinsic offenses was error, we find that he was not prejudiced thereby. In each instance, the accused denied that he had committed the extrinsic offenses, and when the prosecution was unable to offer any evidence that he had committed them, the military judge gave an appropriate limiting instruction[3], which, when read in its entirety, properly stated the law with sufficient clarity to be understood by the court members. *United States v. Hatchett;* 2 U.S.C.M.A. 482, 9 C.M.R. 112 (1953); *United States v. Smith,* 8 U.S.C.M.A. 582, 25 C.M.R. 86 (1958).

## II

■ We next turn our attention to the second assignment of error. After the trial counsel had argued to the Court that the accused had lied to them under oath, the military judge gave the following *Warren* instruction:[4]

Now, the prosecution has argued before you, as a sentencing factor, that the accused has lied under oath. Before you can consider this factor in your sentence, you must be convinced beyond a reasonable doubt, (1) that the accused, the testimony of the accused on the merits of this case was deliberately false; (2) that it was on a material question; and (3) that this impacts on his potential for rehabilitation. If you find these three things, beyond a reasonable doubt, then and only then may you consider this as a matter in *aggravation* in determining an appropriate sentence. (emphasis added).

This instruction was inadequate since it failed to caution the court members that they could not mete out additional punishment for the false testimony. *United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982). Absent such a warning, we cannot be sure that the accused's mendacity had no improper effect upon the adjudged sentence; therefore, we shall reassess. *United States v. Beaty,* 14 M.J. 155 (C.M.A.1982); *United States v. Cabebe, supra.* Accordingly, only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for fourteen years, total forfeitures and reduction to airman basic is approved.[5]

The findings of guilty and the sentence, as modified herein are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.

---

**3.** The military judge instructed as follows:

Let me tell you that yesterday I allowed the examination of Staff Sergeant Watkins by the trial counsel concerning questions about other acts involving violence and intoxication and correlation. Now, you will recall that the accused denied those acts. So that there is no evidence that such acts occurred. You may draw no inference that the acts occurred or did not occur, and you may draw no inference that they did occur by my allowing the questions to be put to him. You may, additionally, draw no inference that he must have been involved or they would not have been asked ... or anything like that. All right. They were merely allowed to be put to him in an effort for the prosecution to show a plan or a design going to this kind of relationship between alcohol and violence. Any questions about that? (Negative nods by court members.)

**4.** *United States v. Warren,* 13 M.J. 278 (C.M.A. 1982).

**5.** The appellant's Petition for a New Trial is denied. *United States v. Bacon,* 12 M.J. 489 (C.M.A.1982).