**UNITED STATES**

v.

**Airman Basic Anthony VALENTE, FR 563–23–7234, United States Air Force.**

**ACM 24051.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 Jan. 1983.

Decided 23 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Before a general court-martial with members, the accused was convicted, contrary to his pleas, of burglary and larceny. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 18 months, and total forfeitures.

On appeal, the accused asserts three errors for our consideration; we will discuss only one. That is, the military judge erred in refusing to grant immunity to K, a potential witness, so that the defense could examine him and possibly call him as a defense witness. Over defense objection, evidence was received in the prosecution's case-in-chief through K's oral pretrial statements, admitted because K was unavailable (K would have asserted his rights against self-incrimination if called).

In order to intelligently discuss the assigned error, a review of the facts is all-important. The accused was charged with participating in the burglary of and theft from the home of Technical Sergeant Mason. This was done in concert with two other servicemembers, one acting as lookout (K) and the other actively participating in the break-in and subsequent thefts (S). Apparently S precipitated the break-in because he wished "to get even with" Sgt. Mason for some unspecified grievance, and, as a result, solicited the assistance of the accused and K. S testified against the accused after he had been tried for the same offenses at a separate trial. At such earlier trial S pleaded guilty pursuant to a pretrial agreement which capped the sentence, provided that he would not be tried for various other offenses, and required that he testify against the accused at his trial.

The accused denied that he had participated in the break-in and larceny; however he did admit that he was guilty of receiving stolen property. K did not testify as part of the prosecution's case; instead, two witnesses were allowed to testify, over defense objection, as to statements made by K. These statements inculpated K to some degree (admitting that he was a lookout, but not directly a participant in the burglary) and, at the same time, inculpated the accused and S.

After such testimony was allowed by the military judge, the defense requested that K be granted immunity so that the defense could examine him relative to his statements. The defense could not, or would not, assert that if K were granted immunity and testified, that such testimony would clearly exculpate the accused. On that basis, the military judge denied the request.

Although it is not abundantly clear that a military judge has the power to grant immunity to a witness, there is certainly some authority in military jurisprudence that he does. *United States v. Villines*, 13 M.J. 46 (C.M.A.1982). It is, however, clear that the convening authority does have the power to grant immunity to a defense witness; testimonial immunity is sufficient to overcome a witness' assertion of rights against self-incrimination. Article 46, U.C.M.J.; M.C.M., 1969 (Rev.), para. 68h; *United States v. Villines, supra; United States v. Kirsch*, 15 U.S.C.M.A. 84, 35 C.M.R. 56 (1964); Mil.R.Evid. 301(c)(1). In either case, fairness dictates that where the prosecution seeks to introduce the hearsay statement of an absent witness, claim-

ing him to be unavailable, the witness should be made available if it is within the power of the prosecutorial authority. Put another way, a prosecution witness is not "unavailable" under Mil.R.Evid. 804(a)(1) even though he asserts his privilege against self-incrimination if he can be made available through the granting of testimonial immunity.[1] Fairness allows no other result, and reference to the old adage, "you can't have your cake and eat it at the same time" is most appropriate. The prosecution has an option; it can either do without the evidence or it can introduce appropriate hearsay statements of an absent witness; however, if the absence can be cured by testimonial immunity, such immunity must be granted. The confrontation clause of the U.S. Constitution[2] requires nothing less.

■ We find therefore that the pretrial statements of K were improperly received into evidence.[3] Testing for prejudice we note that the case was contested, it was a classic one-on-one situation where the credibility of the only prosecution witness was low, and there was no substantial independent evidence of guilt.[4] On these facts, we can not say that the error was "harmless beyond a reasonable doubt." *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979).

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

KASTL, Senior Judge, and RAICHLE, Judge, concur.

1. This situation is distinguishable from that wherein the defense requests the prosecution to immunize a witness whom the defense wishes to call in its case-in-chief. For those situations, the prerequisite showing enumerated in *United States v. Villines, supra,* is clearly applicable.

2. *United States Constitution Amendment VI*
   In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ....

3. We need not discuss the admissibility of the hearsay statement of one accused against a co-accused under Mil.R.Evid. 804(b)(3). *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *United States v. Garrett*, 17 M.J. 907 (A.F.C.M.R.1984).

4. After the accused had testified, the trial counsel was allowed to cross-examine him relative to a number of other unconnected larcenies. This we find to constitute error. Mil.R.Evid. 404(b) and 608(b); *United States v. Watkins*, 17 M.J. 783 (A.F.C.M.R.1983).