CANELLOS, Judge,
dissenting:
I dissent. My review of the evidence in this case convinces me that the out-of-court statement of Pasetti did not qualify as “a statement against penal interest” and was therefore not admissible against the accused under Mil.R.Evid. 804(b)(3).* Sec *458 ond, I am convinced that admission of the statement violated the accused’s right of confrontation as guaranteed by the Sixth Amendment; and third, that, on the facts, the admission violated the accused’s right to due process of law.
I
Looking at the statement itself, I find that it does not so far tend to subject the declarant to civil or criminal liability, that a reasonable man in his position would not have made the statement unless he believed it to be true. In order to make that determination, we must look at the statement itself, the surrounding circumstance of its making, and the point of view of the declarant. This is especially significant because the reason that the Rules allow for the introduction of a “statement against penal interest” even though it is hearsay is because human nature, being what it is, would cause a person to refrain from making a statement which could be used to convict him at a criminal trial, unless it were true. That factor is absent if the declarant, for some reason, believes that what he said is not incriminating.
Basically, Pasetti declared that: he, the victim, her friend, the accused and Hawks had been drinking all day; that they ended up in his room; that he had voluntary sexual intercourse with the victim; that the accused took pictures; that he then “switched on her” and she didn’t realize it; that later the victim didn’t realize that she was presently having intercourse with Hawks. The statement was made to Gomez in the hallway of a barracks, apparently in a nonseeretive matter and culminated in Pasetti inviting Gomez to “get an easy f_”. Prior to that, Pasetti had been looking for another barracks resident to pass on the same information.
Without question, judges and lawyers can construct many criminal offenses of which Pasetti could be culpable; however, the manner in which the statement was made, coupled with Gomez’s assessment of Pasetti (he was very drunk, and when he is drunk, he “runs off his mouth a lot”) fails to satisfy me that he was aware that what he was saying subjected him to criminal liability. Certainly, he did not acknowledge guilt of rape, even though, by inference, he could be so culpable. As a result the statement does not possess that degree of reliability necessary to fit the hearsay exception.
II
In my view, the admission of the hearsay statement of Pasetti clearly violated the accused’s right of confrontation as guaranteed by the Sixth Amendment.
Confrontation: (1) insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the “greatest legal engine ever invented for the discovery of truth”; (3) permits the jury that is to decide the defendant’s fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.
California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (footnote omitted).
Although a literal reading of the Confrontation Clause would cause all hearsay to be excluded, it has been long recognized that some hearsay evidence may be admitted in a criminal trial. However such admission has been looked upon with great caution. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), and in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Court disallowed the statement of a co-actor because of the Confrontation Clause. In California v. Green, supra, the Court allowed a prior statement of a witness because that witness was before the Court and subject to cross-examination. In both Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), and Ohio v. Roberts, supra, the Court allowed a hearsay state- *459 merit because the declarant had testified at a prior trial and was subject to cross-examination. Only in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), was the Court presented with a statement made by a co-actor, not under oath, which incriminated the accused in which they allowed its admission. Of course, Dutton is clearly distinguishable. There the statement was of a co-conspirator made in the furtherance of the conspiracy. As all the Justices noted, the hearsay statement was not crucial or devastating; and, in my view, had absolutely no bearing on the outcome of the case.
Here the evidence was crucial. The victim claimed that she did not consent to sexual intercourse with anyone, a statement subject to some scrutiny, since it appears that she may have consented to Pasetti. She further testified that she had no knowledge of any sexual relations with the accused. The accused admitted to sexual relations, but claimed the acts were consensual. There was evidence of the victim’s intoxication, but, all-in-all, the most critical evidence against the accused was Pasetti’s statement that they switched on the victim and she didn’t realize it, and that the victim would be shocked if she realized that she was having sex with Hawks, a black man. The clear inference of those statements is that the victim did not consent because she was incapable of consenting. The question is when did she become so incapable. Also, it is possible that the accused could have been honestly and reasonably mistaken as to the victim’s consent. The only person, other than the accused and the victim who could enlighten the Court on this question was Pasetti. However, he was absent and not subject to cross-examination.
Ill
We are not the first Court to struggle with the interface of the admissibility of a statement against interest and the Confrontation Clause. I find myself in total agreement with our sister Navy-Marine Court of Military Review that any restrictions on the right to confrontation should only be based on decisions emanating from the Supreme Court. United States v. Garrett, 16 M.J. 941 (N.M.C.M.R.1983), citing United States v. McConnico, 7 M.J. 302 (C.M.A.1979). See also, United States v. Coachman, 727 F.2d 1293 (D.C.Cir.1984).
It seems an anomaly that when a witness testifies on direct examination and then asserts his rights against self-incrimination to refuse to answer questions on cross-examination, the testimony will be stricken if not on a collateral matter, United States v. Hill, 18 M.J. 459 (C.M.A.1984); and yet, we would allow similar testimony to be received into evidence, without cross-examination through a third party.
Permitting a rambling narrative by a boisterous, very drunk declarant, which is somewhat self serving, to stand unchallenged by cross-examination, and allowing adverse critical inferences to be drawn therefrom, leads me to question whether the accused received due process of law. For all the above reasons, I am convinced that the statement was improperly admitted into evidence, and that such action was to the prejudice of the accused. I would set aside the findings and the sentence and order a rehearing.

 When Airman Gomez was called to testify as to what Pasetti had told him regarding the case before the Court, the defense objected. The following colloquy took place:
TC: ... I wish to make the following offer of proof concerning the availability of Airmen [sic] Pasetti. And the offer is that Airmen [sic] Pasetti is not available as a witness in this case. That if called to testify, he (Pasetti) would assert his Article 31 privilege and refuse to do so. It is my understanding that the defense is in agreement with that aspect of the offer of proof ... There is no dispute between the parties as to the witness’ availability-
MJ: Is that your understanding Capt. M?
DC: Yes, your Honor, it is.
Mil.R.Evid. 804(b)(3) requires as a predicate that the declarant be unavailable. Unavailability includes: exemption by the military judge from testifying because of privilege; and the witness persists in refusing to testify even though the Court orders him to do so. Mil.R. Evid. 804(a)(1) and (2). Clearly implicit therein is the requirement that the witness be called before the court and there assert the privilege to each question asked. By not calling the declarant, trial counsel failed to establish the witness as "unavailable”. United States v. Meyer, 14 M.J. 935 (A.C.M.R.1982). The offer of the trial counsel and the similar "understanding” of the defense counsel is not, in my opinion, a sufficient substitute. In addition, Pasetti could have been made available by the Government through the use of testimonial immunity. United States v. Valente, 17 M.J. 1087 (A.F.C.M.R. 1984).