## UNITED STATES

### v.

**Harold M. SPRIDDLE, 166 60 8423, Private (E-1), U.S. Marine Corps.**

**NMCM 85 1003.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 Nov. 1984.

Decided 27 June 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LT Rickey P. Roecker, JAGC, USNR, Appellate Defense Counsel.

LT Joseph G. Lee, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant was tried by special court-martial for a variety of offenses and was sentenced to a bad conduct discharge and accessory punishments. At trial, the appellant moved to be credited with his alleged illegal pretrial confinement. The motion was denied. Civilian counsel moved for special findings, that motion also being denied. Before this Court, the appellant asserts that the military judge erred in denying the motion for special findings.

In *United States v. Postle*, 20 M.J. 632 (NMCMR 1985), this Court discussed at length essential findings under R.C.M. 905(d) and special findings under R.C.M. 918(b).

At the outset, we note the ill-considered use of the terms "special findings" when discussing matters relating to "essential findings." "Special findings" are governed by R.C.M. 918(b) and relate those

**806**

matters decided by the military judge which are directly related to the determination of guilt or innocence, while "essential findings" are governed by R.C.M. 905(d) and relate to the military judge's determination of matters having the character of collateral pretrial motions. *United States v. Postle, supra.* The issue of illegal pretrial confinement is clearly a collateral issue having the character of a pretrial motion for appropriate relief. The need for recorded findings thereon is governed by the essential findings requirement of R.C.M. 905(d). Thus, the motion for "special findings" made by civilian counsel at trial involved a misuse of terminology which may have obscured the R.C.M. 905(d) requirement for essential findings.

■ The military judge is required by R.C.M. 905(d) to state the "essential findings" on the record where factual issues are involved in a motion without regard to the existence of a specific request by either counsel. R.C.M. 905(d); *United States v. Postle, supra.*

In *Postle,* this Court set forth in detail the parameters of the essential findings which must be entered by the military judge under R.C.M. 905(d), notwithstanding the possible interpretations of R.C.M. 905(d) that such findings are required only when the motion being considered involves disputed factual issues and that such findings are not required if the motion is ruled upon adversely to the Government. Likewise, we made it clear that we were not pronouncing new law but explained the parameters of R.C.M. 905(d) which were effective prior to the date the appellant was tried. Consequently, we hold that the military judge in this case was *sua sponte* obligated to enter on the record the essential findings related to the appellant's motion and that he erred in not doing so. R.C.M. 905(d); *United States v. Postle, supra.*

■ Normally, the remedies for a failure to comply with the mandate of R.C.M. 905(d) are a rehearing or a return of the record of trial to the military judge for the entry of essential findings. In some cases

this Court may be able to resolve the matter through resort to our factfinding power under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c). Neither of these remedies is appropriate in this case. The appellant was entitled to and received credit for his pretrial confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). The confinement portion of the sentence has been served. Even if this Court found that the pretrial confinement was illegal, in the circumstances of this case there is no viable remedy. Furthermore, the return of the record of trial to the military judge for didactic purposes, while academically appropriate, is of no practical value and judicially uneconomical.

The findings and sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.