UNITED STATES, Appellee,

v.

Jerry D. AGUINAGA, Specialist Five, U.S. Army, Appellant.

No. 51,061.
CM 443236.

U.S. Court of Military Appeals.

Sept. 21, 1987.

For Appellant: *Captain Scott A. Hancock* (argued); *Colonel Brooks B. LaGrua, Major Eric T. Franzen, Captain Annamary Sullivan* (on brief); *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Captain Thomas J. Feeney, Captain Bernard P. Ingold.*

For Appellee: *Colonel Norman G. Cooper* (argued); *Lieutenant Colonel Gary F. Roberson* and *Major Thomas E. Booth, USAR* (on brief); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Captain Robert C. Erickson, Jr.*

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried at Schofield Barracks, Hawaii, before a military judge sitting as a general court-martial in July and August 1982. Contrary to his pleas, he was found guilty of wrongful possession of lysergic acid diethylamide (LSD), marijuana, and cocaine, and sale of marijuana, in violation of Articles 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 18 months, forfeiture of $300.00 pay per month for 9 months, and reduction to the lowest enlisted grade. The convening authority approved these results. On July 31, 1984, the Court of Military Review consolidated several specifications of possession into one specification but otherwise affirmed the findings and sentence.

This Court granted review of the following issue:

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO

SUSTAIN APPELLANT'S CONVICTION OF POSSESSION AND SALE OF MARIJUANA ON 2[6] FEBRUARY 1982 (SPECIFICATIONS 1 AND 3 OF ADDITIONAL CHARGE II) INASMUCH AS THE ONLY EVIDENCE PRESENTED AT TRIAL TO SUPPORT THE CONVICTIONS WAS THE SELF-CONTRADICTORY TESTIMONY OF AN ACCOMPLICE.

We hold that this accomplice's testimony was not self-contradictory even if recourse is made to his earlier pretrial statements. In any event, we hold that there was sufficient evidence to corroborate the accomplice's testimony in this case.[1]

Following a joint civilian and military investigation of appellant, his home was searched pursuant to a lawful warrant on March 16, 1982. Over 500 units of LSD, 7 packets of cocaine, approximately 100 grams of marijuana, and $1000 in U.S. currency were seized. Some of the funds were marked bills used by the police in the investigation leading to this arrest. The seized items were found in the kitchen and master bedroom of appellant's house.

On March 17, 1982, appellant admitted to an Army criminal investigator that he and his wife were involved in the sale of narcotics. He specifically noted that he handled most of the marijuana transactions. These admissions were later used at trial by the Government. The Government also presented the testimony of an accomplice, Specialist Four Cleveland, that appellant possessed and sold him three bags of marijuana at the latter's house on February 26, 1982.

On appeal, appellant points to alleged inconsistencies in the testimony of SP4 Cleveland given during the Article 32, UCMJ, 10 U.S.C. § 832, hearing and his subsequent trial testimony. He urges this Court to hold that the failure of the accomplice to recant his earlier statements renders his trial testimony self-contradictory. Building upon this argument, defense counsel further contends that the accomplice's testimony must be corroborated by independent evidence which was not present in this case. Finally, defense counsel concludes that there was not sufficient evidence to support appellant's conviction on these offenses.

It is well-established in military law that a servicemember who purchases illegal drugs is an accomplice to the sale. *United States v. Allums*, 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955); *see generally United States v. Scoles*, 14 U.S.C.M.A. 14, 18–19, 33 C.M.R. 226, 230–31 (1963). It is also well-established that a military accused may not be convicted solely on the "uncorroborated testimony" of "an accomplice" which "is self-contradictory, uncertain, or improbable." Para. 74*a* (2), Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Lee*, 6 M.J. 96 (C.M.A.1978).

There is no dispute in this case that if SP4 Cleveland's testimony was believed, he was an accomplice to the sale of marijuana on February 26, 1982. Instead, the initial question is whether his testimony concerning his purchase of marijuana on this date from appellant was self-contradictory. Appellant asserts that it was because SP4 Cleveland testified that he earlier stated at the Article 32 investigation that appellant's wife, not appellant, sold him marijuana on that date and he refused to recant this prior testimony. The Government argues it was not contradictory because the accomplice testified that his trial testimony was true and recanted his earlier testimony. Review of the record leads us to conclude that SP4

---

1. We need not decide today whether under paragraph 74*a* (2), Manual for Courts-Martial, United States, 1969 (Revised edition), an accomplice's pretrial statements, acknowledged at trial, can be considered in determining whether his trial testimony was self-contradictory on its face. *See United States v. Grady*, 13 U.S.C.M.A. 242, 245–46, 32 C.M.R. 242, 245–46 (1962); *cf. Juhl v. United States*, 383 F.2d 1009, 1016–17, 181 Ct.Cl. 210 (1967), *rev'd on other grounds sub nom. United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). *See generally* 7 Wigmore, *Evidence* § 2056 n. 6 (Chadbourn rev. 1978).

Cleveland's testimony was not self-contradictory.[2]

■ In any event, we would still find this testimony was sufficiently corroborated by independent evidence to support appellant's conviction. *See generally United States v. Yeoman*, 25 M.J. 1 (C.M.A. 1987). We note the following evidence in this regard.

First, pursuant to a lawful warrant, large quantities of controlled substances were discovered in appellant's home. These drugs were found in the kitchen and in the bedroom, areas to which appellant had free and unrestricted access. At trial, SP4 Cleveland asserted that he had obtained his three bags of marijuana from appellant at his home. Thus, a reasonable inference could be drawn by the military judge that appellant had sold the marijuana to the accomplice as the latter testified.

Second, appellant's own admissions include the statement that he handled the marijuana sales, while his wife handled the LSD transactions. Thus, the accomplice's testimony that he had bought marijuana from appellant is further corroborated by the admissions of appellant himself. *See generally* 7 Wigmore, *Evidence* § 2059 n. 6 (Chadbourn rev. 1978).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

2. Q: *Which version is the truth whether—the testimony at the Article 32 hearing or what you're representing to the court this morning—this afternoon?*
A: *What I'm representing to the court this morning.*
Q: So—(The defense counsels conferred.)
Q: You realized at the Article 32 hearing you were under oath?
A: No, sir.
Q: You weren't aware of that?
A: No, sir.
Q: And on the 8th of April when you were being questioned by Philip Smith of the drug suppression team, is it now your position that you were not being accurate at that point?
A: Not being accurate at what?
Q: Were you—were you giving Agent Smith an accurate statement at that point in time?
A: Yes, sir, about what he was asking me.
Q: *But you—are you now admitting that what you represented to the Article 32 proceeding is not the truth?*
A: *No, sir.*
IDC: *No further questions.*
WIT: *Yes, sir.*
TC: Just a second.
(Long pause)
MJ: Any further questions?
(The trial counsel conferred with the assistant trial counsel).
IDC: Nothing further from the defense.
MJ: Captain Coleman, do you have any questions?
TC: No, sir.
(Emphasis added.)