**UNITED STATES**

v.

**Chad SWAN, 547–61–0200 Engineman Fireman Apprentice (Surface Warfare)(E–2), U.S. Navy.**

**NMCM 95 00166.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 25 Oct. 1993.

Decided 31 Dec. 1996.

LCDR Howard B. Goodman, JAGC, USN, Appellate Defense Counsel.

LT Kevin L. Flynn, JAGC, USNR, Appellate Government Counsel.

Before KEATING, CLARK and OLIVER, JJ.

CLARK, Senior Judge:

At his general court-martial, a panel of members convicted the appellant, contrary to his pleas, of violations of Articles 81, 112a and 134, 10 U.S.C. § 881, 912a and 934 (1994) of the Uniform Code of Military Justice [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence of confinement for 5 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. We have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, we affirm.

The Assignments of Error are discussed below, seriatim.

## I

### CHARGES I AND II AND THEIR SPECIFICATIONS SHOULD BE DISMISSED FOR INSUFFICIENT EVIDENCE.

Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires this Court to determine not only the legal sufficiency of the evidence, but also its factual sufficiency. The test for legal sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)(emphasis in original); *see also United States v. Turner,* 25 M.J. 324 (C.M.A.1987). Applying this test we must "draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. McGinty,* 38 M.J. 131, 132 (C.M.A.1993); *see also United States v. Blocker,* 32 M.J. 281 (C.M.A.1991). In doing so, appellate courts acknowledge "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight [sic] the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *United States v. Hart,* 25 M.J. 143, 146 (C.M.A.), *cert. denied,* 488 U.S. 830, 109 S.Ct. 85, 102 L.Ed.2d 61 (1988). We find that the evidence was legally sufficient to support the finding of guilty to Charges I and II and their specifications.

The test for factual sufficiency is whether, "after weighing the evidence in the record of trial and making allowances for not having

1. Specifically, he was convicted of the following Charges and Specifications:

Charge I: Art. 81:
May 1992, conspired with EN3 Jones and FA Vetter to wrongfully introduce a controlled substance onto a vessel used by the armed forces, marijuana aboard the USS SAN BERNARDINO, with intent to distribute it.

Charge II: Art. 112a:
(1) May 1992, wrongfully introduced approximately 3 kilograms marijuana onto USS SAN BERNARDINO with intent to distribute it;
(2) May 1992, wrongfully distributed approximately 1 kilogram marijuana to FA Vetter on board USS SAN BERNARDINO;

(6) May 1992, wrongfully distributed some marijuana to RN2 Jefferson on board USS SAN BERNARDINO;
(9) Early June 1992, wrongfully used marijuana on board USS SAN BERNARDINO;
Additional Charge: Art. 134
(1) 12 April 1993, obstructed justice (wrongfully endeavored to influence the testimony of EN3 Jones as a witness before a court-martial by communicating to Emi Mizutori a threat that Jones would be a dead man if he testified against the accused);
(2) 12 April 1993, wrongfully communicated to Emi Mizutori a threat that EN3 Jones would be a dead man if he testified against the accused.

personally observed the witnesses, [we] are convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

■ Fireman Recruit Jones, Engineman Second Class Smith, and Radioman Second Class Jefferson testified about Charges I and II, and provided direct evidence of the appellant's culpability. The military judge correctly instructed the members that they could not convict the appellant on the uncorroborated testimony of an accomplice if that testimony was self-contradictory, uncertain, or improbable. *See United States v. Aguinaga*, 25 M.J. 6, 7 (C.M.A.1987). He then instructed them that, as a matter of law, the testimony of these witnesses was not corroborated. Although the appellate government counsel takes issue with this holding, we will consider it the law of this case for purposes of determining the factual sufficiency of the evidence. Based upon our *de novo* review of the testimony of these witnesses, we do not find their testimony to be self-contradictory, uncertain, or improbable.

We are convinced beyond a reasonable doubt of the appellant's guilt, legally and factually.

## II

**THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE DEFENSE MOTION TO SEVERE [SIC] THE ADDITIONAL CHARGE ALLEGING OBSTRUCTION OF JUSTICE AND WRONGFUL COMMUNICATION OF A THREAT.**

■ The appellant requested that the military judge sever the Additional Charge[2] from Charges I[3] and II,[4] claiming that manifest injustice would result from the joint trial of the two sets of charges. Without presenting any evidence on the motion, the appellant claimed that evidence relevant to the Additional Charge would not be relevant to Charges I and II, but that the spillover of

this evidence would be prejudicial to him. This court is unpersuaded by the appellant's unsupported claim.

The evidence of the conspiracy and of the various drug offenses was presented through the testimony of several of the appellant's accomplices. This evidence was not offered as proof of the offenses alleged in the Additional Charge. The principal evidence relating to the Additional Charge was testimony from Mrs. Jones concerning conversations between her and the appellant, and the recordings of the conversations during which the appellant made the statements which constituted the offenses. Although this evidence was ostensibly offered only to establish that the appellant obstructed justice and wrongfully communicated a threat, it also was offered, inferentially, as evidence of the appellant's involvement with illicit drugs. The appellant did not offer any proof that this evidence would have been inadmissible on Charges I and II. We will not adopt his unsupported conclusion as to its inadmissibility.

Since the appellant presented no evidence to support essential findings, the military judge summarily denied the motion. This was not an abuse of his discretion. *See* Rule for Courts–Martial 905(c), Manual for Courts–Martial, United States (1995 ed.)[hereinafter R.C.M](regarding the burden of proof on issues of fact).

Notwithstanding his expressed intention, the military judge failed to give the members a cautionary instruction concerning the matters on the cassette recording to which the appellant had objected. However, his failure to do so was not presented in the context of the motion to sever the offenses, but during an objection based on relevancy, authentication, and cumulativeness. The appellant has not shown that the military judge's failure to, in fact, give the instruction made it any more

---

**2.** One specification of obstructing justice and one specification of communicating a threat, under Article 134, UCMJ, 10 U.S.C. § 934.

**3.** Conspiracy to introduce marijuana aboard a vessel used by the armed forces, under Article 81, UCMJ, 10 U.S.C. § 881.

**4.** Various drug offenses charged under Article 112a, UCMJ, 10 U.S.C. § 912a.

or less likely that denial of the motion to sever was error.

## III

### THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING HEARSAY STATEMENTS OF FA VETTER AND EN3 JONES INTO EVIDENCE IN VIOLATION OF MIL. R. EVID. 801(D)(2)(E).

■ The appellant challenges three statements which were admitted into evidence at his court-martial. The statements which he has labelled (2) and (3) were not objected to at trial. The appellant makes the novel claim that his objection to statement (1) was a continuing one as to statements (2) and (3). This court finds no basis for adopting this proposition, so we reject it. The appellant claims, alternatively, that admission of statements (2) and (3) was plain error. The appellant presents no evidence or factual assertions to support this conclusion. We are not convinced that the admission of statement (2) and (3) was plain error. Therefore, if the military judge erred in admitting statements (2) and (3), the error was waived by the appellant's failure to object. Mil. R. Evid. 103(a), Manual for Courts–Martial, United States (1995 ed.).

■ The appellant objected to the admission of statement (1), which was testimony by Fireman Recruit Jones that Fireman Apprentice Vetter had told Jones that the appellant had given Vetter two bags of marijuana for helping the appellant split up the marijuana and allowing the appellant to use scales to weigh the marijuana. Jones testified that Vetter made the statement to him during a deployment to Hong Kong, which was after the deployment to Thailand. The appellant claimed that the statement was hearsay and did not qualify as a statement of

a coconspirator made during the course of and in furtherance of the conspiracy. *See* Mil. R. Evid. 801(d)(2)(E).

In ruling on the objection, the military judge stated his basis.

It appears that while the case law is somewhat ambivalent about it, it's the decision of the court to determine whether or not there is sufficient evidence, basically a preponderance of the evidence, that a conspiracy existed as a preliminary matter before we get into these matters. I have considered the matters presented by the government earlier today on the existence of that conspiracy and therefore I conclude that the government has met it's pro—it's burden with me as to the existence of a conspiracy, apparently at the time that this witness is going to be testifying about and so I will allow the testimony to continue. The objection is overruled.

Record at 284.

The conspiracy specification of which the appellant was convicted alleged, *inter alia,* that the appellant conspired with Jones and Vetter to introduce marijuana aboard the USS SAN BERNARDINO with the intent to distribute it. One of the overt acts alleged was that Jones transported the marijuana to the tank deck aboard the ship where it was divided between the appellant and Vetter. This overt act was, chronologically, the last in a series of overt acts to bring about the purpose of the conspiracy. The purpose of the conspiracy was to introduce [5] marijuana aboard the ship with the intent to distribute it. Distribution of the marijuana was not the central criminal purpose of the conspiracy, but merely the intent which accompanied the conspiracy to introduce it aboard the ship. Once the marijuana was divided, the objective of the conspiracy had been accomplished. The conspiracy was at an end. *See United States v. Ratliff,* 42 M.J. 797, 801–802 (N.M.Ct.Crim.App.1995).

5. The Manual for Courts–Martial does not define the term "introduce" in its explanation of Article 112a. Manual for Courts–Martial, United States, 1984, ¶ 37; R.C.M. 103. Diligent search of the Military Justice database did not disclose a judicial definition of the term as it relates to Article 112a. The military judge defined "introduction" to mean "to voluntarily and knowingly bring into

or onto a military ... vessel." Record at 743. This definition is consistent with that recommended in the *Military Judges' Benchbook,* Department of the Army Pamphlet 27–9 (May 1982). It is also consistent with a plain meaning interpretation of the term. *See, e.g.,* THE RANDOM HOUSE COLLEGE DICTIONARY 700 (Rev.1982).

The military judge correctly considered that a prerequisite for admission of a statement as that of a co-conspirator is a determination that a conspiracy had existed. However, the record does not support his finding that the conspiracy continued to exist at the time the statement was made. Therefore, he erred when he admitted evidence of Vetter's statement on the basis of Mil. R. Evid. 801(d)(2)(E).

Testing the error for material prejudice to a substantial right of the appellant, we find none. Fireman Recruit Jones' testimony about Vetter's out-of-court statement was merely cumulative with testimony given by Seaman Recruit Owen. Record at 401, *et. seq.* As we stated earlier, the appellant did not object to Seaman Recruit Owen's testimony. The issue was waived.

## IV

**SPECIFICATION 2 OF THE ADDITIONAL CHARGE (WRONGFUL COMMUNICATION OF A THREAT) IS A LESSER INCLUDED OFFENSE OF SPECIFICATION 1 OF THE ADDITIONAL CHARGE (OBSTRUCTION OF JUSTICE) AND THUS SHOULD BE DISMISSED.**

This assignment of error has no merit. *United States v. Oatney*, 45 M.J. 185 (1996).

## V

**APPELLANT IS ENTITLED TO 84 DAYS ADDITIONAL CREDIT FOR THE 42 DAYS HE SPENT IN SOLITARY CONFINEMENT BEFORE TRIAL.**

Persons being held in pretrial detention may not be subjected to punishment for the offense for which the person is detained. *United States v. James*, 28 M.J. 214 (C.M.A. 1989); R.C.M. 304(f). In determining whether pretrial confinement constituted punishment, two inquiries are appropriate: (a) Was the nature of the confinement meant as punishment?; and, (b) If not intended as punishment, did it further a legitimate governmental objective? *United States v. Palmiter*, 20 M.J. 90, 95 (C.M.A.1985), (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)); *United States v. Washington*, 42 M.J. 547, 562 (A.F.Ct.Crim.App (1995)); *United States v. Carr*, 37 M.J. 987, 989 (A.C.M.R.1993).

The record of trial establishes that the military judge applied the correct standard when he ruled that the appellant's pretrial confinement was not illegal. There is sufficient evidence to support the factual conclusion that the appellant's confinement was not intended as punishment and it served the legitimate governmental objective of ensuring the safety of the brig detainees. Our standard for reviewing the military judge's decision is whether he abused his discretion. *United States v. Dvonch*, 44 M.J. 531 (A.F.Ct.Crim.App.1996); *United States v. Gaither*, 41 M.J. 774 (A.F.Ct.Crim.App.1995); *United States v. Hitchman*, 29 M.J. 951 (A.C.M.R.1990). We find that he did not.

## VI

**THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO RELEASE APPELLANT FROM PRETRIAL CONFINEMENT.** *See* (R. 13–26, 35–52, 58, 114–30); App. Exs. II, III, VII–XII, XIX; R.C.M. 305.

The military judge applied the correct standard in denying the appellant's motion for release from pretrial confinement. *See* R.C.M. 305(j); Appellate Exhibit XII. This assignment of error has no merit.

## VII

**THE MILITARY JUDGE ERRED WHEN HE RULED THAT THE CONDITIONS OF APPELLANT'S PRETRIAL RESTRICTION IN LIEU OR ARREST, DURING THE PERIODS 8–10 MARCH 1993 AND 30 APRIL 1993–23 MAY 1993, WERE NOT TANTAMOUNT TO CONFINEMENT.** *See* (R. 897–905, 921, 925); App. Ex. LXII.

The issue of whether any restriction is tantamount to confinement is a question of fact to be determined using a "totality of the circumstances" test. *United States v. Richardson*, 34 M.J. 1015 (A.C.M.R.), *petition denied*, 36 M.J. 375 (C.M.A.1992). Some of

the relevant factors to be considered include: the nature of the restraint; the scope of the restraint; the types of duties performed during the restraint; and the degree of privacy enjoyed during the restraint. *United States v. Smith*, 20 M.J. 528 (A.C.M.R.), *petition denied*, 21 M.J. 169 (C.M.A.1985).

The military judge considered the *Smith* factors relating to the appellant's pretrial restriction, as well as the other "important conditions" suggested in *Smith*. The record of trial supports his conclusions of fact. He did not abuse his discretion in ruling that the appellant's restriction was not tantamount to confinement.

## VIII

**APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL UNDER R.C.M. 707, UCMJ, ARTICLE 10 AND THE SIXTH AMENDMENT.** *See* (R. 140–148, 169, 228–29); **App. Exs. XXIII–XXV.**

 The appellant was arraigned 98 days after preferral of the charges upon which he was tried. Where the speedy trial clock is triggered by preferral of charges, an accused shall be brought to trial within 120 days of the preferral of the charges. R.C.M. 707(a)(1). The government satisfied the requirements of R.C.M. 707 by bringing the appellant to trial within 120 days. *United States v. Kossman*, 38 M.J. 258 (C.M.A.1993).

 Although brought to trial within 120 days of preferral, an appellant may still seek relief under Article 10, UCMJ, 10 U.S.C. § 810. For a motion to lie under Article 10, the evidence must establish "that the Government could readily have gone to trial much sooner than some arbitrarily selected time demarcation but negligently or spitefully chose not to." *Kossman*, 38 M.J. at 261.

The Government has the burden of persuasion on any factual issue the resolution of which is necessary to decide a motion to dismiss for denial of the right to a speedy trial. R.C.M. 905(c)(2). To raise the issue under Article 10, however, evidence must be presented of the Government's negligence or spitefulness causing the delay. *Kossman*, 38 M.J. at 261. The Government must then prove, by a preponderance of the evidence, that it proceeded with "reasonable diligence." R.C.M. 905(c)(1); *Kossman*, 38 M.J. at 262.

In ruling that the appellant had not been denied his right to a speedy trial, the military judge concluded from the facts in evidence that: the delays between preferral and arraignment were reasonable; the appellant had not claimed any prejudice and the record did not show any; the government had acted with reasonable diligence; and there had been no arbitrary or spiteful delays. The military judge properly applied the standards enunciated in R.C.M. 707, Article 10, UCMJ, 10 U.S.C. § 810, and the Sixth Amendment of the United States Constitution. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The findings of facts and the conclusions are supported by the record of trial. We perceive no error.

## IX

**SPECIFICATION 1 OF THE ADDITIONAL CHARGE (OBSTRUCTION OF JUSTICE) WAS IMPROPERLY REFERRED TO A GENERAL COURT–MARTIAL BECAUSE THE STAFF JUDGE ADVOCATE IN HIS ARTICLE 34 ADVICE STATED THAT THERE WAS INSUFFICIENT EVIDENCE ON THIS SPECIFICATION TO WARRANT TRIAL BY GENERAL COURT–MARTIAL.** *See* **Supplemental Art. 34 Advice ltr undtd at para. 6b; UCMJ, art 34; R.C.M. 406(b)(2);** *but see* **R.C.M. 905(b)(1);** *United States v. Murray*, **25 M.J. 445 (C.M.A.1988).**

 In a supplement to the pretrial advice to the convening authority, the staff judge advocate advised that "there is not sufficient evidence to support each element of Specification 1 under the Additional Charge." At his general court-martial the appellant was convicted of that specification.

 Before a convening authority may refer a specification under a charge to a general court-martial, the convening authority must refer it to the staff judge advocate for pretrial advice. Art. 34, UCMJ, 10 U.S.C. § 834; R.C.M. 406(a), 601(d)(2)(B). If the convening authority refers charges to a general court-martial without obtaining the

requisite pretrial advice, it is not jurisdictional. *United States v. Murray,* 25 M.J. 445 (C.M.A.1988). If the convening authority finds that there are reasonable grounds to believe that an offense triable by a court-martial has been committed, that the accused committed it, and that the specification alleges an offense, the convening authority may refer it to a court-martial. R.C.M. 601(d)(1).

▄▄▄ Where a convening authority has sought pretrial advice from the staff judge advocate, but acts contrary to that advice, the sanction cannot be more serious than that for failing to even seek the pretrial advice. If referring Specification 1 of the Additional Charge to a general court-martial was error, the appellant waived such error by failing to raise it prior to entering a plea. R.C.M. 905(b)(1), (e).

## X

**THE MILITARY JUDGE ERRED IN FINDING FA VETTER UNAVAILABLE TO TESTIFY AS A DEFENSE WITNESS DESPITE VETTER'S INITIAL STATED WILLINGNESS TO TESTIFY ABOUT THE DRUG OFFENSES.** *See* (R. 560–61); UCMJ, art 46; R.C.M. 703; Mil. R. Evid. 804(a)(1).

▄▄▄ On 25 January 1993, Fireman Apprentice Vetter provided to the NCIS a detailed, comprehensive statement concerning his knowledge of the appellant's culpable involvement with possessing, using, and distributing marijuana. Appellate Exhibit VIII. On 23 July 1993 Vetter testified in an Article 39a session, UCMJ, 10 U.S.C. § 839(a), during which he claimed that the entire statement was a fabrication which he had "made up." He specifically disavowed any knowledge of the appellant's involvement with drugs. Record at 39–47. On 20 October 1993, Vetter testified acknowledging that he had been granted testimonial immunity, but recognized that it did not protect him from prosecution for perjury or giving a false statement. Record at 225–227. In fact, he was being charged with perjury for the testimony he gave on 23 July 1993. *Id.* Again Vetter testified that his signed, sworn statement to the NCIS was false. Record at 235–

237. When the appellant called Vetter to testify on the merits, Vetter exercised his privilege against compelled self-incrimination.

In an attempt to determine the availability of FA Vetter, the military judge engaged him in the following dialogue:

MJ: So I don't—in my opinion you can't separate [evidence about drug transactions and about false statements] because your false statement dealt with what you supposedly told NIS about drug transactions, do you understand that?

WIT: Yes, sir.

MJ: Okay, so again if you are asked questions concerning transactions that you described in your NIS statement you would elect not to answer those questions, is that correct?

WIT: Yes, sir

Record at 560–561. The military judge then stated that he found that FA Vetter had asserted his Article 31(b) rights, UCMJ, 10 U.S.C. § 831(b), with regards to any testimony concerning drug transactions in Sattahip, Thailand. *Id.*

▄▄▄ A party is entitled to the production of any relevant and necessary witness on the merits, unless that witness is unavailable within the meaning of Military Rule of Evidence 804(a). Art. 46, UCMJ, 10 U.S.C. § 846; R.C.M. 703(b). A person may be considered unavailable as a witness if the military judge rules that a refusal to testify is based on exercise of a privilege from testifying about the subject matter. Mil. R. Evid. 804(a)(1). Ordinarily, a prosecution witness is not "unavailable" if he can be made available through granting him testimonial immunity. *United States v. Valente,* 17 M.J. 1087, 1089 (A.F.C.M.R.1984). *See also United States v. Mann,* 32 M.J. 883, 884 n. 1 (N.M.C.M.R.1991). A grant of testimonial immunity, however, does not protect a person against a later charge of perjury. *United States v. Olivero,* 39 M.J. 246 (C.M.A. 1994); *United States v. Villines,* 13 M.J. 46 (C.M.A.1982).

The prosecution did not offer Vetter as a witness on the merits. Nevertheless, he was granted immunity to testify about the

charged drug transactions. However, testimony about the drug transactions would have been inextricable from the false statements with which he was charged and against which he was not immunized. Record at 237, 560; Appellate Exhibit XXVI. Therefore, any testimony he might have provided on the merits at the appellant's trial could have served as the basis for a subsequent charge of perjury or giving a false statement, established by his own words.

The military judge made sufficient inquiries to establish that Vetter would exercise his privilege against compelled self-incrimination despite the purported grant of immunity. His ruling that Vetter was unavailable as a witness for the defense was not an abuse of his discretion.

## XI

**THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING APPELLANT THE OPPORTUNITY TO REQUEST IMMUNITY FOR FA VETTER SO HE COULD TESTIFY AS A DEFENSE WITNESS.** *See* **(R. 562–66); UCMJ, art 46, R.C.M. 703(b)(3).**

The decision to grant immunity is within the sole discretion of the appropriate general court-martial convening authority, unless it has been limited by superior competent authority. R.C.M. 704(e). The military judge denied the appellant's motion for a continuance to request immunity for Fireman Apprentice Vetter on two grounds. He decided that the motion was untimely and that the peculiarity of Vetter's circumstances made it virtually impossible to grant him immunity without also giving him unfettered freedom to testify in any manner he chose without being subject to penalty.

The appellant's civilian counsel had known since, at least, 23 July, the peculiar nature of Vetter's conflicting testimony and sworn statement. When he moved for a continuance on 22 October, he was not facing a novel issue, but one which he had delayed confronting for 3 months. The unexplained delay by the civilian counsel in confronting the issue

was a legitimate factor for the military judge to consider in ruling on the motion. The decision to grant or deny the motion for a continuance was within the broad discretion of the military judge. *United States v. Thomas*, 22 M.J. 57 (C.M.A.1986). We are not convinced that he abused his discretion in denying the motion.

## XII

**THE RECORD OF TRIAL IS INCOMPLETE, AS THE MILITARY JUDGE FAILED TO SET FORTH HIS ESSENTIAL FINDINGS ON APPELLANT'S MOTION TO DISMISS FOR DENIAL OF SPEEDY TRIAL.**

A military judge is required to state the essential findings where factual issues are involved in a motion. R.C.M. 905(d); *United States v. Flores–Galarza*, 40 M.J. 900 (N.M.C.M.R.1994); *United States v. Postle*, 20 M.J. 632 (N.M.C.M.R.1985).

Although the military judge failed to include a separate list of his essential findings, the findings of fact essential to support the military judge's ruling on the appellant's speedy trial motion are apparent in the record of trial. The conclusions of fact which we discussed in Assignment of Error VIII are fully supported by the evidence in the record. We need not rely upon the military judge to list the essential findings when, as in this case, they are apparent.[6] We may use our factfinding powers to determine which facts established by the evidence are essential to the military judge's ruling. *United States v. Spriddle*, 20 M.J. 804 (N.M.C.M.R.), *petition denied*, 21 M.J. 314 (C.M.A.1985).

In this case, the absence of a separate list of essential findings does not render the record of trial incomplete. The essential findings merely articulate the military judge's deliberative process, to aid review of the ruling. The proceedings which were conducted in open court are fully reflected in the record of trial. *See* Record at 228.

---

**6.** This application of our fact-finding powers under Article 66(c), UCMJ, 10 U.S.C. § 866(c), is

not meant to encourage military judges to ignore the dictates of R.C.M. 905(d).

Accordingly, the findings and the sentence, as approved on review below, are affirmed.

Senior Judge KEATING and Judge OLIVER concur.